UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TINA NADDRA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:16-cv-340

Barrett, J.
Bowman, M.J.

### ORDER

This matter is before the Court on the Magistrate Judge's December 22, 2016 R&R (Doc. 16), which recommends that the decision of the Commissioner be affirmed in part, and reversed and remanded in part. Specifically, the Magistrate Judge recommends that this Court affirm the Commissioner's denial of Plaintiff's application for Disability Insurance Benefits (DIB), but recommends a remand for further factfinding on Plaintiff's Social Security Income (SSI) claim. *(Id.* at 664).

Notice was given to the parties under Fed. R. Civ. P. 72(b). On January 5, 2017, Plaintiff moved for an unopposed extension of time to file objections to the R&R (Doc. 17), which extension is hereby granted; accordingly, Plaintiff's January 13, 2017 objections (Doc. 18) are deemed timely filed. On January 26, 2017, the Commissioner timely filed a response to the objections. (Doc. 19).[1]

---

[1] The Commissioner did not file objections to the Magistrate Judge's recommendation that the case be remanded for further factfinding on Plaintiff's SSI claim, "conced[ing] that remand is appropriate to consider Plaintiff's SSI application from the date of her 50th birthday, June 27, 2014, and onward." (Doc. 19; PAGEID# 691).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

As reflected in the R&R, the Magistrate Judge completed a comprehensive review of the record (Doc. 16, PAGEID# 641-43), and a summary of the same will not be repeated here. After the Magistrate Judge filed the R&R, Plaintiff asserted the following objections:

(1) "The Magistrate Judge erred in finding that the Administrative Law Judge properly rejected the opinion of Dr. Joffe, Plaintiff's treating cardiologist, that she was disabled by her [cardiac] impairment."

(2) "The Administrative Law Judge erred in not finding Plaintiff credible."

At the outset, the Court notes that Plaintiff's second objection is not framed as a "specific objection" to the Magistrate Judge's R&R, as required under Fed. R. Civ. P. 72(b). However, the Court will consider the objection as challenging the Magistrate Judge's conclusion that the ALJ's credibility determination was "supported by substantial evidence in the record." (Doc. 16, PAGEID# 663).

## II. STANDARD OF REVIEW

Where a party objects to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Plaintiff's objections do not relate to the Magistrate Judge's recommendation

2

relating to the SSI application; instead, Plaintiff focuses on the Magistrate Judge's recommendation that the Court affirm the Commissioner's denial of the DIB claim. For the reasons stated below, Plaintiff's objections are not well-taken.

*First*, the Magistrate Judge was correct in finding that the ALJ – who was confronted with medical experts in disagreement – gave appropriate weight to the opinions of Dr. Joffe (Plaintiff's treating physician). Contrary to Plaintiff's assertion, the ALJ did not "reject" the opinions of Dr. Joffe; rather, "the ALJ discounted only some of the functional limitations offered by Dr. Joffe." (Doc. 655). Regardless, the Commissioner may reject the opinion of a treating physician: "[t]his court has consistently stated that the [Commssioner] is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (*en banc*). In circumstances where the ALJ declines to give the treating physician's opinion controlling weight, the ALJ must provide "good reasons." 20 C.F.R. §404.1527(c)(2). The Commissioner should not be reversed solely because the Court would reach a different decision on the same evidence; instead, there is a "zone of choice" within which the Commissioner may act, "without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772-773 (6th Cir. 2001).

Here, Plaintiff essentially argues that the rationale offered by the ALJ for discounting Dr. Joffe's opinions did not amount to "good reasons." (Doc. 18, PAGEID# 680) (citing *Blakley v. Com'r of Soc. Sec.*, 581 F.3d 399, 406-407 (6th Cir. 2009), quoting SSR 96-2p). However, the Magistrate Judge correctly found that the ALJ's

3

decision to discount some of Dr. Joffe's conclusions was well supported in the record. By way of example only, the ALJ observed that Dr. Joffe's conclusions regarding Plaintiff's limitations were at times contradictory (Doc. 16, PAGEID# 650) (citing Tr. 485-95; Tr. 45), insufficiently "supported by medically acceptable clinical and laboratory standards" (Doc. 16, PAGEID# 651) (citing Tr. 45), and lacking in explanation regarding the "basis for several opinions[,]" which were often conclusory in nature (Doc. 16, PAGEID# 651, 654) (citing White v. Com'r of Soc. Sec., 572 F.3d 272, 286 (6th Cir. 2009)("conclusory statements from physicians are properly discounted by ALJs"). Accordingly, based on the evidence in the record as a whole, the undersigned finds no reversible error in the ALJ's evaluation of Dr. Joffe's opinions and corresponding formulation of Plaintiff's residual functional capacity (RCF).

*Second*, the Magistrate Judge correctly concluded that the ALJ's credibility determination with respect to Plaintiff was "supported by substantial evidence in the record." (Doc. 16, PAGEID# 663). As the Magistrate Judge stated, an ALJ's credibility assessment must be supported by substantial evidence, but "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Com'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, her testimony, and other evidence. *Warner v. Com'r of Soc. Sec.*, 375 F.3d at 387, 392 (6th Cir. 2004).

As set forth by the Magistrate Judge, the ALJ provided multiple reasons for the adverse credibility assessment, including (but not limited to):

(a) Plaintiff had alleged significant problems with "daily" headaches and migraines, but her clinical records did not support a finding that migraines were even a severe impairment. (Doc. 16, PAGEID# 661) (citing Tr. 39).

(b) Despite applying for disability benefits in February 2011, there were "absolutely no references to any mental health conditions or symptoms contained anywhere in the claimant's initial application," which "suggests that, at least at that time, the claimant did not feel her mental health conditions were particularly limiting." (Doc. 16, PAGEID# 661) (citing Tr. 44-45).

(c) The ALJ noted significant activities of daily living, including extensive household chores and caring for two dogs, and social activities that included regular contact with family and friends, routinely going out to eat, and attending church on a somewhat regular basis. (Doc. 16, PAGEID# 663) (Tr. 40).

The Magistrate Judge, after a thorough analysis of the record, correctly concluded that the ALJ's credibility assessment was supported by substantial evidence in the record as a whole. (Doc. 16, PAGEID# 663).

### IV. CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's December 22, 2016 R&R. (Doc. 16). Accordingly, the decision of the Commissioner is **AFFIRMED** as to the conclusion that Plaintiff was not disabled for purposes of DIB, but is **REVERSED AND REMANDED** for further factfinding on Plaintiff's SSI claim. This

matter shall be **CLOSED AND TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

_____
**MICHAEL R. BARRETT, JUDGE**
**UNITED STATES DISTRICT COURT**